IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ryan Deleston, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-00873-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Charleston County Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Ryan Deleston, proceeding *pro se*, filed this action against the Charleston County Police Department pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On March 1, 2024, the magistrate judge issued an order advising Plaintiff of the necessary steps to bring his case into proper form. (ECF No. 5). She also advised Plaintiff that failure to follow the instructions set forth in her order within twenty-one (21) days may result in his case being dismissed for failure to prosecute and failure to comply with a court order. *Id*. at 1. The Clerk's Office mailed the order to Plaintiff's last known address, (ECF No. 6), and it has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received it. Nevertheless, Plaintiff has not taken any steps to bring his case into proper form.

Accordingly, now before the court is the magistrate judge's report and recommendation ("Report"), recommending this case be dismissed without prejudice for Plaintiff's failure to comply with a court order and failure to prosecute. (ECF No. 9). The magistrate judge notified Plaintiff of his right to file objections to the Report. *Id*. at 3. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 10), and it was not returned to the court as

undeliverable. Thus, Plaintiff is presumed to have also received the Report. Still, Plaintiff has failed to file objections, and the time in which to do so has long expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 9), which is incorporated herein by reference.  Accordingly, this action is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 15, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.